IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| GUY MAXAMILLION TAYLOR,       )<br>                              )<br>    Petitioner,              )<br>                              )<br>vs.                           )<br>                              )<br>GARY HERTZEL, Warden;         )<br>ATTORNEY GENERAL OF           )<br>THE STATE OF ALABAMA,         )<br>                              )<br>    Respondents.              ) | Case No.    4:09-cv-240-RBP-TMP |

## MEMORANDUM OPINION AND ORDER

The magistrate judge filed his report and recommendation in this *habeas* action on December 11, 2009, recommending that the action be dismissed. The petitioner filed his objections to the report and recommendation on December 28, 2009. Having now carefully reviewed and considered *de novo* the report and recommendation, the objections to it, and all other matters in the court file, the court finds that the objectiosn are due to be and hereby are OVERRULED, the report is ADOPTED, and the recommendation of dismissal is ACCEPTED.

The petitioner objects that the magistrate judge misread his petition as stating only claims for ineffective assistance of *appellate* counsel based on counsel's purported failure to raise as an error on direct appeal the alleged ineffective assistance of *trial* counsel. He argues that a liberal reading of his *pro se* petition required the court to conclude that he *also* meant to assert direct claims of ineffective assistance of trial counsel, in addition to the claims relating to appellate counsel. In particular, he focuses on his trial attorney's failure to object to the introduction into evidence of a

police investigator's "field notes" of his interview with petitioner following his arrest. He argues that no reasonable attorney would have allowed the introduction of the "field notes" without objection.

Although it is true that *habeas* courts are required to give *pro se* petitions a liberal reading, attempting to understand what the petitioner actually means to allege, the words used by the petitioner cannot be ignored. The court notes that the standard, court-adopted petition filed in this case by petitioner explicitly identifies his three claims as ineffective assistance of *appellate* counsel. Grounds One, Two, and Three in the form petition state the following, respectively:

> Ground One: Appeal counsel was ineffective for failing to raise on appeal ineffective assistance of trial counsel for failure to object to field notes being introduced.
>
> Ground Two: Appeal Counsel was ineffective for failing to raise ineffective assistant [sic] trial counsel for failing to request accomplice instructions.
>
> Ground Three: Appeal Counsel was ineffective for failing to raise that he was convicted on the uncorroboration [sic] testimony of an accomplice.

The fact that, in each of these claims, petitioner incorporated a memorandum attached to the form petition did nothing to shed light on the possibility that, despite his clear words, he also meant to allege a direct claim of ineffective assistance against his trial attorney. It was not surprising that his memorandum discussed at length the purported shortcomings of counsel because this was necessary to establish that the claim of ineffectiveness was sufficiently meritorious that *appellate* counsel can be faulted for not raising it on appeal. Thus, the court does not believe that the magistrate judge misread the petition or read it too narrowly, but he gave it a fair reading in light of the words actually used by petitioner.

Even if the magistrate judge should have read the petition as alleging a claim of ineffective assistance of *trial* counsel with respect to failing to object to the introduction of an investigator's field notes, as petitioner now argues, such a claim would not warrant *habeas* relief. A reading of the trial transcript makes clear that trial counsel made a strategic choice not to object to the introduction of the field notes. The investigator already had testified that he conducted an almost four hour interview with petitioner, making his "field notes" as the conversation progressed, and he had testified to the inculpatory oral statements made by petitioner during the interview. Counsel cross-examined the investigator extensively about *exculpatory* statements he claimed petitioner made during the four hour interview, but which were not acknowledged by the investigator. On redirect examination of the investigator, the prosecutor called defense counsel to a bench conference (which was not recorded) and then offered the field notes into evidence without objection.

It is clear to the court that defense counsel wanted the field notes in evidence to raise questions both about the thoroughness and credibility of the investigator and to show that petitioner claimed the shooting was an accident. As counsel pointed out during a suppression hearing, the investigator had only one and a half pages of notes from a four hour interview, raising the suspicion that the investigator did not record everything the petitioner said, omitting many things favorable to the petitioner. Thus, because it appears that trial counsel made a tactical or strategic decision not to object to the introduction of the notes, it cannot be said that his decision was unreasonable or that no reasonable attorney would have done the same under the circumstances. Trial counsel was not ineffective.

Accordingly, the petition for writ of *habeas corpus* in the above-styled cause is hereby DENIED and DISMISSED WITH PREJUDICE.

The clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this 20th day of January, 2010.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE